

Meister Seelig & Fein LLP

*Henry E. Mazurek*
*Partner*
*Direct (212) 655-3594*
*Fax (646) 682-9222*
*hem@msf-law.com*

March 5, 2020

Hon. Raymond J. Dearie
United States District Court Judge
United States Courthouse
225 Cadman Plaza East
Courtroom 10A S
Brooklyn, NY 11201

      Re:    *United States v. Anthony Zottola*, 18-cr-609 (RJD)

Dear Judge Dearie:

      We write on behalf of defendant Anthony Zottola in the above-referenced matter. We respectfully seek emergency relief from extraordinarily punitive and oppressive conditions under which Mr. Zottola is being detained at the Metropolitan Correction Center in Manhattan ("MCC Manhattan"). We make the following motions: (1) for this Court to reconsider Mr. Zottola's motion for bail under the conditions previously proposed to this Court (*see* ECF Doc. 169 (Dec. 18, 2019)); or (2) to direct the United States Marshals Service to transfer Mr. Zottola for continued pretrial detention from the MCC to the federal contract facility at the Westchester County Jail in Valhalla, New York, which currently houses federal pretrial detainees.

      As the Court is likely aware from widespread public news reports and filings in the District Court by the Federal Defenders' Office and other criminal defense counsel, the MCC in Manhattan has been on continuous lockdown over the last several days. As a result, we have been unable to visit or communicate with our client. While we have not been given any information from jail officials, we have read public reports that inmates at the MCC Manhattan face the risk of a smuggled firearm in the facility. Because of an ongoing investigation by the Bureau of Prisons ("BOP"), inmates are under severe movement restrictions, preventing them from getting hot food or medical care. Legal visits have also been suspended for over a week, interfering with our ability to consult with our client regarding his defense, including death penalty mitigation preparation. These conditions materially interfere with Mr. Zottola's Sixth Amendment right to counsel.

      According to the most recent updates from David Patton, Esq. and Deirde Von Dornum, Esq., the respective executives of the Federal Defenders' Offices for the Southern and Eastern

Districts of New York, there is no indication when these punitive and dangerous conditions will be lifted. *See, e.g.,* Ex. A (Feb. 29, 2020 Letter from the Federal Defenders to the Chief Judges of the Southern and Eastern Districts of New York explaining nature of most recent issues); NBC News, "Memo: MCC Enters 7th Day of Lockdown, Unclear When Operations Will Return to Normal," Mar. 4, 2020;[1] New York Post, "Metropolitan Correctional Center on lockdown for sixth straight day," March 3, 2020;[2] Gothamist, "Manhattan Federal Jail Enters Day Five Of Lockdown Over 'Security Concerns,'" March 2, 2020.[3]

      Mr. Zottola has been in pretrial detention since his arrest on the Superseding Indictment on June 18, 2019. He originally was housed at the Metropolitan Detention Center in Brooklyn, New York. He spent weeks there in the segregated housing unit ("SHU") because of separation orders and credible safety risks emanating from possible threats from co-defendants and other inmates, who are alleged to be dangerous gang members. For these reasons, Mr. Zottola was transferred to MCC Manhattan in July 2019, where he has been housed ever since.

      Counsel first learned of the deteriorating conditions at MCC Manhattan around the time of the reported suicide of one of the high-profile inmates in that facility, Jeffrey Epstein, in August 2019. Our client informed us of long periods of restricted or no inmate movement in the facility; periods of no attorney or family visitation; and limits to access to the cafeteria and medical floors. Of course, the recent shutdown of the facility to all outside visitors, including counsel, is the instant catalyst to this motion. Counsel has not been able to visit Mr. Zottola to discuss the conditions at the MCC, his physical or mental health, or to assist Mr. Zottola in the preparation of his case, including important death mitigation investigation, for over a week. We have received frantic and panicked calls from Mr. Zottola's wife and other family members about the sudden loss of all communication with him. Inmates' access to the facility's phone and email communications ("Corrlinks") apparently have been terminated along with visits to the facility.

      These conditions are both dangerous to Mr. Zottola and create severe hardship to counsel's ability to provide effective representation. It also has created extreme emotional hardship to Mr. Zottola's closest family members, who already are dealing with his prolonged separation during an anticipated lengthy pretrial detention.

      We first move for this Court to reconsider Mr. Zottola's release under the substantially restrictive and morally persuasive secured bond proposal made to this Court in January. (*See*

---

[1] Available at: https://www.nbcnewyork.com/news/local/crime-and-courts/mcc-enters-7th-day-of-lockdown-unclear-when-operations-will-return-to-normal-memo-shows/2312475/.

[2] Available at: https://nypost.com/2020/03/03/metropolitan-correctional-center-on-lockdown-for-sixth-straight-day/.

[3] Available at: https://gothamist.com/news/manhattan-federal-jail-enters-day-five-lockdown-over-security-concerns.

ECF Doc. No. 169 and Transcript (January 17, 2020) (transcript attached as Ex. B.)  We believe the oppressive and restrictive conditions hampering counsel's ability to adequately represent Mr. Zottola provide changed circumstances that this Court may consider as a basis for ordering Mr. Zottola's release.  The Court itself recognized that the suggested bond submitted by Mr. Zottola was impressive in both the number and quality of suretors presented and restrictive conditions proposed.  This package presents sufficient safeguards to mitigate the risk of flight or danger to the community, which rebuts the presumption of detention and the defendant's limited burden of production under the Bail Reform Act.  The latest series of punitive and damaging conditions of pretrial detention at the MCC Manhattan give the Court a new constitutional and moral reason to set bail.  Counsel need to have greater access to our client, and not just physical access, but access to an emotionally stable and physically healthy person.  Mr. Zottola's current conditions of confinement constitute a real and present danger to his health.

In the alternative, we respectfully request that the Court direct the United States Marshals Service to effectuate the immediate transfer of Mr. Zottola's pretrial custody from the MCC Manhattan to the federal contract facility in Westchester County, New York at the Westchester County Jail.  This facility currently houses a substantial number of federal pretrial detainees.  In addition to alleviating the dangerous conditions confronting Mr. Zottola at MCC Manhattan, moving him to Westchester County would also facilitate visits from his three young children, who live with his wife in their family home in Larchmont, NY—just a short drive from the Westchester County Jail in Valhalla.  Easing the burden on Mr. Zottola's family is particularly warranted as a final resolution of his case will take considerable time, possibly years, given the capital nature of the case, and the extensive pretrial litigation involved.   Mr. Patel, one of Mr. Zottola's counsel in this case, already contacted a representative of the United States Marshals Service to make this administrative request for transfer, but was told that the Marshals Service will not consider this inmate transfer absent court order.

Because of the severe, dangerous, and unconstitutional conditions of Mr. Zottola's detention at the MCC, the Court should order Mr. Zottola's release on the earlier proposed bail conditions, or in the alternative, order his transfer to the Westchester County Jail.

Respectfully submitted,

/s/ HEM
Henry E. Mazurek
Ilana Haramati
Meister Seelig & Fein LLP
125 Park Avenue, Suite 700
New York, New York 10017

*Counsel for Defendant Anthony Zottola*