UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-

ALFRED LOPEZ,
                        Defendant.
------------------------------------------------------------x

18-CR-609
(RJD)

MEMORANDUM OF LAW IN SUPORT OF
DEFEFENSE MOTION REQUESTING SEVERANCE
AND OTHER PRE-TRIAL RELIEF

                                             JOHN BURKE
                                             Attorney for Defendant
                                               ALFRED LOPEZ
                                             26 Court Street – Suite 2805
                                             Brooklyn, New York   11242
                                             (718) 875-3707

UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

          -against-

ALFRED LOPEZ,

                   Defendant.
------------------------------------------------------------x

AFFIRMATION AND
MEMORANDUM
OF LAW

18-CR-609
(RJD)

JOHN BURKE, a member of the Bar of this Court, affirms the following under penalty of perjury:

That I am the attorney of record for the defendant and I am fully familiar with all the facts and circumstances as revealed by the file maintained in my office.

I submit this affirmation and memorandum of law in support of various motions made by defendant.

### I. REQUEST FOR MATERIALS PURSUANT TO *BRADY v. MARYLAND, KYLES v. WHITLEY,* AND *UNITED STATES v. GIGLIO* AND THEIR PROGENY

Evidence which is material either to the guilt or punishment of the defendant must be disclosed to the defense in a timely manner. *Brady v. Maryland*, 373 U.S. 83 (1963). Evidence that will "play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" must be provided by the government. *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1983).

1

See also *United States v. Bagley*, 473 U.S. 667 (1985). "Taken together, this group of constitutional privileges delivers exculpatory evidence into the hand of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of the criminal justice system. *California v. Trombetta*, 467 U.S. 479, 485 (1984). If this material evidence exists in the hands of the government or an agent of the state (either state or federal), the failure to disclose this evidence is a violation of the precepts of *Bardy v. Maryland*. It is immaterial that a given prosecutor does not have personal knowledge of the existence of the material. "The individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*. 514 U.S. 419, 438 (1995).

Alfred Lopez is specifically requesting any information that will impeach the credibility of any witnesses the government might put forth at trial. *United States v. Bagley*, 473 U.S. 667 (1985), and see *United States v. Giglio*, 405 U.S. 150 (1972). This may include any criminal history of any witnesses, any deals offered to witnesses, or any other information which may tend to impeach the credibility of any witness.

Lopez is also requesting any statements by witnesses that would tend to show that he is not involved in the crimes charged in this indictment. It does not matter

that the information or statements may have both inculpatory and exculpatory aspects. *See United States v. Mahaffy*, 693 F.3d 113 (2d Cir. 2012).

Upon information and belief, the Government has debriefed numerous witnesses' information and co-defendants of Alfred Lopez. Lopez requests copies of any notes or memorandum, generated during these meetings, that indicate that Lopez did not participate in the crimes charged in the indictment.

## II. DISCLOSURE OF F.R.E. 404(b) AND RULE 16 MATERIAL

The Government, upon information and belief, intends to introduce evidence concerning prior bad acts of the defendant Alfred Lopez.

The defense requests that the Government list any 404(B) evidence it will seek to use at least sixty (60) days before trial. The defense also asks that the Government set forth the proposed reasons for the admissibility of such evidence.

Fed. Rules Evid. Rule 403, 28 U.S.C.A., states that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." For evidence of other bad acts to be accepted, it must be established by a preponderance of the evidence. United States v. DeVaughn, 601 F.2d 42 (2nd Cir. 2979); United States v. Peterson, 808 F.2d 959 (2nd Cir. 1987).

## REQUEST FOR SPECIFIC RULE 16 DISCOVERY INFORMATION

Rule 16 was intended to provide the defendant with "liberal discovery", although not discovery of "the entirety of the government's case against him." *United States v. Percevault,* 490 F.2d 126, 130 (2d Cir. 1974).

The government must provide the defense with:

1. Any oral statements made by the defendant pursuant to Rule 16(a)(1)(B). See *United States v. Bufalino*, 576 F.2d 446 (2d Cir. 1978).

2. Documents and tangible objects, pursuant to Rule 16(a)(1)(f), that: (1) are material to the preparation of the defense; (2) the government intends to offer at trial; or (3) that were obtained from or belong to the defendant. *See United States v. Moniktala*, 934 F.2d 25 (2d Cir. 1991).

3. Reports of Examination or Tests, pursuant to Rule 16(a)(1)(F) that are material to the defense or are intended for use by the government as evidence in chief. *See United States v. Salameh,* 152 F.3d 88 (2d Cir. 1998); *United States v. Pineros,* 532 F.2d 868 (2d Cir. 1976); *see also United States v. GAF Corp.,* 884 F.2d 670 (2d Cir. 1989).

4. A written summary of testimony that the government intends to use under

Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial, pursuant to Rule 16(a)(1)(G). *See United States v. Cruz*, 363 F.3d 187 (2d Cir.2004).

5. The government has already provided the defense with a voluminous amount of discovery. Lopez requests the production of those discoverable items not yet provided. Lopez also asks that the Government identify those transcripts, tapes and electronic recordings they intend to use at trial at least sixty (60) days before trial.

### III. <u>**SEVERANCE**</u>

Lopez moves, pursuant to F.R.Cr, P. 14 for an Order granting him a trial separate and apart from his 8 co-defendants. Lopez believes that a severance should be granted in view of the prejudicial spillover arising from the evidence involving the violent crimes and bad acts of his co-defendants. The multi-defendant conspiracy charged in the indictment will in all probability be severed into smaller groups. Even if one assumes that Lopez is permitted to proceed to trial with only <u>4</u> other defendants the prejudice from crimes and bad acts he has no connection with will be overwhelming.

The violent accusations involving Lopez's co-defendants will taint the jury's deliberation and make it impossible for them to decide Lopez's case on the

evidence admitted against him at trial. The spillover prejudice generated by the proof from bad acts Lopez is not charged with will make it impossible for the jury to fairly weigh the evidence against him. If Lopez's case is tried separately the trial would last approximately a week. If he is tied with five or six co-defendants the trial will last approximately two months. Under these circumstances Lopez should be granted a trial separate and apart from his co-defendants. United States v. Dinome, 954 F.2d 839 (2d Cir. 1992); United States v. Salameh, 152 F.3d 88 (2d Cir. 1998).

Currently Lopez has not been notified regarding the identity of the members of his trial group or the contents of their post arrest statements.

Lopez also asks permission to renew his severance requests based upon the principles of Bruton v. United States, 391 U.S. 123 (1968); Gray v. Maryland, 523 U.S. 185 (1998) and the prejudicial bad acts of the designated group.

Although "substantial prejudice is not established merely because a defendant might have a better chance for acquittal at a separate trial," "[t]here comes a point, however, when it is obvious to the Court that no cautionary jury instructions can protect the right of a defendant to a fair trial and when that occurs, the severance should be granted." United States v. Tutino, 883 F2d 1125, 1130 (2d Cir. 1989), cert. Denied, 493 U.S. 1081 (1990). This point will be reached during the trial if the

6

prosecution is permitted to put before the jury numerous violent acts and conversations not involving Alfred Lopez.

IV.     <u>ALFREDO LOPEZ REQUESTS PERMISSION TO JOIN IN THE MOTIONS OF HIS CO-DEFENDANTS</u>

Currently, Lopez is joined in an indictment with approximately 8 other defendants. He requests permission to join in those motions made by any similarly situated co-defendant applicable to him. These motions may include requests for severance, jury questionnaires and suppression of electronically recorded conversations. This joinder will promote judicial economy, prevent unnecessary litigation and should be granted in the interest of justice. <u>United States</u> v. <u>Feola</u>, 651 F. Supp. 1068 (1987). The defense also asks for permission to file further motions based upon facts discovered during the investigation of the case.

V.     <u>EXPEDITED DISCLOSURE OF TRIAL MATERIAL</u>

The defense requests that the following items be disclosed:

- Rule 16 Expert Disclosures 90 days before trial;
- 3500 Material 60 days before trial;
- Government Exhibits 30 days before trial.

The expedited disclosure is needed for Lopez to defend himself at trial.

## VI. COUNTS ONE AND TWO OF THE INDICTMENT SHOULD BE DISMISSED

Alfred Lopez has directed his counsel to request that Counts One and Two of the indictment be dismissed since the prosecution lacks probable cause. The Fourth Amendment requires a judicial determination of probable cause as a pre-requisite to any extended restraint on liberty following an arrest. Gerstein v. Pugh, 420 U.S. 103, 1975; Albright v. Oliver, 510 U.S. 266, 1994. Lopez also asks the counts one and two of the indictment be dismissed since the charges are unconstitutionally vague and overbroad. Hoffman Estates v. Flipside, 102 S. Ct. 1186 (1982); Papachristou v. City of Jacksonville, 405 U.S. 156 (1972).

If the Court declines Lopez's motion to dismiss he asks that in the alternative he be granted a Bill of Particulars setting Forth:

1) The date he entered the charged conspiracy;

2) Any statements he has made, written or oral, in furtherance of the conspiracy;

3) What actions did Alfred Lopez take in furtherance of the charged conspiracy;

4) Any statements made by others connecting Alfred Lopez to the charged conspiracy;

5) A list of all cellular telephones used in furtherance of the charged conspiracy and set forth the specific phone calls or communications made in furtherance of the conspiracy;

6) The amount of any payments made for the alleged murder for hire; provide the names of the individuals who made the payments and the names of those who received payments.

WHEREFORE, the defendant respectfully moves for the relief set forth herein, and for such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
April 27, 2022

s/
JOHN BURKE
Attorney for Defendant
  ALFRED LOPEZ
26 Court Street – Suite 2805
Brooklyn, New York  11242
(718) 875-3707