KCB/DEL/EJD
F.#2018R01984

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      -against-

ARTHUR CODNER,
ALFRED LOPEZ,
HIMEN ROSS,
BUSHAWN SHELTON and
ANTHONY ZOTTOLA, SR.,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION & PROTECTIVE ORDER

18-CR-609 (RJD)

      IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

      1.    All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, as a government exhibit at trial and/or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the defendants ARTHUR CODNER, ALFRED LOPEZ, HIMEN ROSS, BUSHAWN SHELTON and ANTHONY ZOTTOLA, SR. (the "Defendants"), and the Defendants' counsel ("Defense Counsel"), by the government in the above-captioned case (hereinafter, the "Materials") as of the date of this protective order (the "Protective Order") shall be governed by it.

1

2.      Materials, however designated, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Materials, may be used by the Defendants, Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed by Defense Counsel, as well as expert witnesses, investigators and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, commenced within a year of the exhaustion of the Defendants' appellate rights, involving the charges in the above-captioned case.

3.      Except as otherwise provided in this Pretrial Protective Order, any and all Materials disclosed or produced to the Defendants and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Materials, shall not be further disclosed, disseminated or discussed by the Defendants, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4.      If the Defendants obtain substitute counsel, the Defendants, Defense Staff, or Defense Counsel will not transfer any portion of the Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government.

5.      The Defendants may review Materials specifically identified by the government as sensitive material (the "Sensitive Material"), only in the presence of Defense

2

Counsel or Defense Staff.  The Defendants are prohibited from having possession, custody, or control of the Sensitive Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Material.

6.      The Defendants, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Material for disclosure or dissemination to any person other than defense counsel and defense counsel's staff.

7.      If Defense Counsel chooses to share the Sensitive Material with the Defendants, a witness and/or a witness's counsel, that Sensitive Material must be shared in the presence of Defense Counsel or Defense Staff.

8.      All Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as if it had been designated as Sensitive Material with the additional limitations discussed in paragraph 9 below.

9.      Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively.  Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the Defendants.  Attorneys' Eyes Only Material may be shared with the Defendants under the constraints applicable to Sensitive Materials two weeks before trial unless the government shows good cause why it should not be shared.  If the government and Defense Counsel are not able to reach agreement on the sharing of Attorneys' Eyes Only Materials, the government and Defense Counsel may seek intervention from the Court on an *ex parte* basis or otherwise.

10.      Any documents, material, or information may be designated Sensitive Material only upon a good-faith belief by the government that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order.  If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Material, the Defendants may provide notice to the government and a reasoned explanation regarding why the Defendants does not believe the materials require treatment as Sensitive Material.  To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Sensitive Material.  The Defendants shall treat the material as Sensitive Material pending any determination by the Court.

11.      Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government that designation as Sensitive Material provides insufficient protection to such materials.  If the government and Defense Counsel do not agree that certain material should be designated as Attorneys' Eyes Only, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Attorneys' Eyes Only Material.  To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should

be treated as Attorneys' Eyes Only Material.  Defense Counsel shall treat the material as

Attorneys' Eyes Only Material pending any determination by the Court.

12.     Nothing in this Protective Order shall preclude the government from

seeking a further protective order pursuant to Rule 16(d) as to particular Materials.

13.     Any documents, material, or  information determined to be  Sensitive

Material or Attorneys' Eyes Only Material may be so designated by stamping the legend

"SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on the document or by

otherwise indicating to Defense Counsel the appropriate designation of the material or

information.  While each page of a sensitive document and its attachments may be marked, it

shall be assumed that a sensitive designation on the first page of a document indicates the

same sensitive designation for the entire document and its attachments, unless otherwise

noted.  Where electronic files or documents are produced in a format that makes stamping

impractical, such files and documents may be designated by appending to the media on

which such a file or documents are produced, file name, or to the electronic folder in which

the file is located, information indicating that the file contains Sensitive or Sensitive-

Attorneys' Eyes Only material.

14.     The Defendants and Defense Counsel will return to the government the

Materials and all copies thereof, whether in the possession of the Defendants, Defense

Counsel, Defense Staff or any other signatory to this Protective Order, when the Defendants

concludes all efforts to defend against the charges in the above-captioned case and any

superseding indictment, including but not limited to preparing for trial and any sentencing,

appeal, or collateral attack, which was commenced within a year of the exhaustion of the

Defendants' appellate rights, involving the charges in the above-captioned case.  The

Defendants and Defense Counsel must destroy or return to the government all copies of the Sensitive Material and the Attorneys' Eyes Only Material within ten days upon conclusion of the trial in the above-captioned case, except that defense counsel may retain one copy of such material in the event of an appeal.

15.     In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

16.     This Court shall retain jurisdiction over all persons subject to this Order

to the extent necessary to enforce any obligations arising hereunder or to impose sanctions

for any contempt thereof.

Dated:     Brooklyn, New York
           _____ July 12 , 2022

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York

See attached pages for signatures

_____      By: _____

Attorney for Defendant                      Kayla C. Bensing
                                            Emily J. Dean
                                            Devon Lash
                                            Assistant U.S. Attorneys

SO ORDERED.

                      s/RJD
_____
THE HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

7

16. This Court shall retain jurisdiction over all persons subject to this Order

to the extent necessary to enforce any obligations arising hereunder or to impose sanctions

for any contempt thereof.

Dated:        Brooklyn, New York
              06 / 24 , 2022

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York

Attorney for Defendant CODNER        By: _____
                                        Kayla C. Bensing
                                        Emily J. Dean
                                        Devon Lash
                                        Assistant U.S. Attorneys

SO ORDERED.

_____
THE HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

7

16.     This Court shall retain jurisdiction over all persons subject to this Order

to the extent necessary to enforce any obligations arising hereunder or to impose sanctions

for any contempt thereof.

Dated:     Brooklyn, New York
                         , 2022

                                                    BREON PEACE
                                                    United States Attorney
                                                    Eastern District of New York


                                    6/25/22

Attorney for Defendant  *HIMEN ROJO*                By: _____
MICHAEL A. MARINACCIO                                   Kayla C. Bensing
                                                        Emily J. Dean
Elizabeth Macedonia by MAM                              Devon Lash
Cory Garcia          by MAM                             Assistant U.S. Attorneys

SO ORDERED.


_____
THE HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK


7

16.     This Court shall retain jurisdiction over all persons subject to this Order

to the extent necessary to enforce any obligations arising hereunder or to impose sanctions

for any contempt thereof.

Dated:      Brooklyn, New York
            _____June 28___, 2022

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York

*Susan Marcus*
_____        By: _____
Attorney for Defendant $HELTON              Kayla C. Bensing
                                            Emily J. Dean
                                            Devon Lash
                                            Assistant U.S. Attorneys

SO ORDERED.

_____
THE HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

16.     This Court shall retain jurisdiction over all persons subject to this Order

to the extent necessary to enforce any obligations arising hereunder or to impose sanctions

for any contempt thereof.

Dated:          Brooklyn, New York
                _____, 2022

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York

_____                By: _____
Attorney for Defendant                  Kevin L. Bensing
                                        Em... Dean
                                        Devon Lash
                                        Assistant U.S. Attorneys

SO ORDERED.

_____
THE HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK