

The Law Office of
# Michael A. Marinaccio

245 Main Street
Suite 420
White Plains, NY 10601

914-761-0707
(Fax) 914-761-0795

Michael@mamarinacciolaw.com
www.mamarinacciolaw.com

July 22, 2022

**VIA ECF & ELECTRONIC MAIL**

Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: <u>United States v. Himen Ross, et. al.</u>

           18 Cr. 609 (S-3) (RJD)

Dear Judge Dearie:

  Please accept this letter brief as defendant Himen Ross' opposition to the government's motion to admit evidence of other acts pursuant to Federal Rules of Evidence, Rule 404(b). ("404(b)")

  By a superseding indictment filed on or about January 14, 2021, Himen Ross and nine (9) co-defendants are charged with murder for hire conspiracy and related charges arising from the shooting death of Sylvester Zottola on October 4, 2018, in the Bronx. Trial is scheduled to commence on August 24, 2022.

  In the Government's Memorandum of Law in support of its motion dated July 8, 2022, they provide Mr. Ross with notice of prior acts that it "may seek to introduce at trial under Rule 404(b) of the Federal Rules of Evidence."

  Specifically, with respect to Mr. Ross, the government writes that it may seek to introduce the following evidence in its case-in-chief:

1

# Michael A. Marinaccio, Esq.

In April 2009, Ross was arrested and charged with murder in the second degree for shooting and killing an individual who owed him money in Queens, New York, in May 2008. Ross was acquitted after trial in May 2015. (Gov't Memorandum, pg. 57.)

For the reasons set forth below, Mr. Ross respectfully requests that this Court preclude the Government from introducing this evidence at trial.

## Evidence of Prior Bad Acts is Unnecessary and Unduly Prejudicial

In a prosecution for murder for hire conspiracy, the undersigned can conceive of no evidence more unduly prejudicial and less probative than an unrelated, uncharged homicide of which the defendant was *acquitted* and which allegedly occurred some ten years before the crimes charged in the instant indictment. The inherently and unduly prejudicial nature of the proffered evidence is self-evident even with the government's concession that they would accurately proffer that Mr. Ross was acquitted. It is respectfully submitted that this evidence would serve no other purpose than to allow the jury to improperly infer that Mr. Ross is a violent individual who is likely to have acted in conformity with those propensities in this case.

## Relevant Law

Under the *Federal Rules of Evidence*, evidence may be admitted at trial, subject to the balancing test under *Rule 403*, only if it has "any tendency to make the existence of a fact" that is of consequence to the determination of the action "more or less probable than it would be without the evidence." *Fed. R. Evid. 401*. Under *Rule 404(a)*, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Furthermore, under *Rule 404(b)*, "evidence of a defendant's prior crimes, wrongs, or other acts cannot be used to prove that a defendant was a bad fellow and most likely remains one—that he has a criminal nature or propensity and the acts in question are consistent with his nature or tendency towards crime." *United States v. Siddiqui,* 699 F.3d 690, 702 (2d Cir. 2012); *See also Huddleston v. United States*, 485 U.S. 681, 685 (1988).

These limits on propensity evidence may only be circumvented where some evidentiary purpose would be served by its admission at trial. Thus, only where bad acts actually provide direct proof of a charged offense, tend to prove "the existence, organization and nature of [a charged] RICO enterprise," *United States v. Payne,* 591 F.3d 46, 64 (2d Cir. 2010), or provide necessary background information "to complete the story of the crime on trial," *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.

# Michael A. Marinaccio, Esq.

2000), may they be admitted, subject to *Rule 403*. In *United States v. Levy*, the Second Circuit noted that:

> [t]o allow the admission of evidence of crimes or acts unrelated to the charged offense presents the precise threat of prejudice that Rule 404(b) was designed to eliminate…The defendant would necessarily have to defend against crimes or acts not named in the indictment or not arising from the same transactions giving rise to the crimes named in the indictment. The jury might base its decision, not on the defendant's guilt of the charged crime, but on the defendant's tendency to commit crime. 731 F.2d 997, 1004 (2d Cir. 1984).

Although the Second Circuit has adopted an "inclusionary approach" to the admissibility of evidence that satisfies the requirements of *Rule 404(b)*, this does not mean that evidence of similar acts is automatically admissible. *See United States v. Garcia,* 291 F.3d 127, 137 (2d Cir. 2002) ("The government. may not invoke Rule **404(b)** and proceed to offer, carte blanche, any prior act of the defendant in the same category of crime.") Rather, "[t]o be admissible pursuant to *Rule 404(b)*, the similar act evidence must also relate to an issue disputed at trial," *United States v. Taylor,* 767 F. Supp. 2d 428, 438 (S.D.N.Y. 2010), and "[i]f the other acts tend to prove a fact not in issue or 'to excite emotions against the defendant,' they create a prejudicial effect.'" *United States v. Curley,* 639 F.3d 50, 57 (2d Cir. 2011) (*quoting United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980)).

### The Government's Argument

The government cites *United States v. Ortiz*, 857 F.2 900, as holding that prior bad acts are permissible to prove identity. In *Ortiz,* however, the admissibility of the prior conviction under Rule 404(b) to show intent, **not identity,** was at issue. In *Ortiz,* a drug prosecution, the Judge ruled that Ortiz's prior conviction would be admissible under Rule 609 to impeach her if she testified. The Court held that because the defense was based upon mistaken identity, the prior conviction would not be admitted into evidence under Rule 404 (b). However, if defense counsel argued Ortiz only possessed the drugs for personal use and not with the **intent** to sell, then the prior conviction would be allowed into evidence. The *Ortiz* decision does not state, mention, or hold that prior bad acts or convictions are permissible to show identity under Rule 404 (b).

According to the government, CW-1 had knowledge about Ross' prior arrest and acquittal after his trial for murder. The government contends these details of Ross' life are necessary to prove identity and to corroborate CW-1's testimony. It bears emphasis, however, that in a major regard, CW-1's purported knowledge of Mr.

3

# MICHAEL A. MARINACCIO, ESQ.

Ross was *wrong* in a not insignificant respect – where the homicide and prosecution occurred. The government should not be heard to argue that details known by the CW-1 about Mr. Ross' history establishes Mr. Ross' identity while at the same time minimizing the fact that CW-1 was wrong about a salient aspect of that history. Nor should the defense be put in the position of having to point out the error as that would only serve to emphasize a prior uncharged crime and highlight the prejudice. We respectfully submit that none of the government's proffered evidence regarding Ross' prior acquittal serves any legitimate purpose. Rather it will only serve to imply that he has criminal propensities and is likely to have acted in conformity therewith.

Nor can it be said that Mr. Ross' arrest and acquittal after trial for murder is evidence that is necessary or probative to establish that a relationship or strong bond of trust led anyone to entrust Mr. Ross with the task of carrying out the murder of Mr. Zottola. *See, e.g., United States v. Pipola*, 83 F.3d at 565-66 (noting that "legitimate purpose[s] for presenting evidence of extrinsic acts" under Rule 404(b) include "explaining] how a criminal relationship developed," and "help[ing] the jury understand the basis for the co-conspirators' relationship of mutual trust"). Indeed, the government does not proffer that rationale in their memorandum as there is absolutely no evidence to support it. In fact, that a jury might conclude that the uncharged homicide formed the basis for the inclusion of Mr. Ross in the murder for hire conspiracy in the absence of any evidence supporting that assertion, further illustrates the unduly prejudicial nature of the evidence.

Evidence that the defendant in a criminal case has committed or allegedly committed other crimes is highly prejudicial, especially when the other crime is similar to that for which the defendant is on trial. *See Old Chief v. United States*, 519 U.S. at 185 ("Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious."); *United States v. Puco*, 453 F.2d 539, 542 (2d Cir. 1971) ("The potential for prejudice, moreover, is greatly enhanced where, as here, the prior offense is similar to the one for which the defendant is on trial.").

The Government casually mentions that the Court may fashion an appropriate limiting instruction if the Court deems it necessary. However, to ask a jury to ignore that Mr. Ross was arrested and charged with murder but acquitted "is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities." *United States v. Jones*, 16 F.3d 487 (2d Cir. 1994)(quoting *United States v. Daniels*, 770 F.2d 1111, 1118 (D.C.Cir. 1985))

# MICHAEL A. MARINACCIO, ESQ.

**Any Probative Value of the Government's Proffered Evidence is Substantially Outweighed by a Danger of "Needlessly Presenting Cumulative Evidence."** *Fed. R. Evid. 403*

Again, it must be emphasized that while the government may contend that CW-1's knowledge of Ross' arrest and acquittal are helpful to corroborate CW-1's testimony and his identification of Ross and is, therefore, admissible, it's not quite clear how Ross' arrest and acquittal is even related to, much less probative of, that contention. The charged crimes stand on their own independent of CW-1's alleged knowledge of Ross' acquittal in Queens.

In *Old Chief v. United States*, 519 U.S. at 182-83, the Supreme Court found that under *Rule 403*, "sound judicial discretion" requires that the probative value of unfairly prejudicial evidence is to be discounted if alternative admissible evidence exists with the same or greater probative value that carries a reduced threat of unfairly prejudicing the defendant. See also, *United States v. Ozsusamlar,* 428 F. Supp. 2d 161, 170 (S.D.N.Y. 2006*); Rule 403 Advisory Committee Notes* ("[t]he availability of other means of proof may also be an appropriate factor" in determining admissibility).

In *United States v. Murray*, 103 F.3d 310, 316 (3d Cir. 1997), the court emphasized the need for trial judges "to exercise particular care in admitting such evidence," and noted at least two reasons for the exercise of such caution: First, the line between what is permitted and what is not prohibited under Rule 404(b) is sometimes quite subtle. Second, Rule 404(b) evidence sometimes carries a substantial danger of unfair prejudice and thus raises serious questions under FRE. 403. *Id*.

Even if the government's proffered evidence regarding Mr. Ross' arrest and acquittal in Queens had some limited relevance that would tend to explain the charged crimes to the jury, its minimal probative value would be substantially outweighed by its highly prejudicial effects and its tendency to emphasize Mr. Ross' alleged bad character and propensity to engage in acts of violence.

Accordingly, this Court should prohibit the government from offering Himen Ross' arrest and acquittal for murder in Queens as evidence in its case-in-chief.

Respectfully submitted,

Michael A. Marinaccio, Esq.
Elizabeth Macedonia, Esq.
Cory Garcia, Esq.

Attorneys for Himen Ross

cc: All Counsel
Via ECF